UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC YOUNG,
                        Petitioner,

                                                              9:10-CV-0697
v.                                                         (GTS/DEP)

DAVID STALLONE,
                        Respondent.
_____

APPEARANCES:                                    OF COUNSEL:

ERIC YOUNG, 07-A-0197
  Petitioner, Pro Se
Groveland Correctional Facility
Sonyea, New York 14556

HON. ERIC T. SCHNEIDERMAN            ALLISON J. GILL, ESQ.
Attorney General for the State of New York   Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court, in this habeas corpus action filed by Eric Young ("Petitioner") against David Stallone ("Respondent") pursuant to 28 U.S.C. § 2254, is a Report-Recommendation by United States Magistrate Judge David E. Peebles, recommending that the Petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 8.) Petitioner has not submitted an objection to the Report-Recommendation, and the time in which to do so has expired. For the reasons set forth below, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety, and the Petition is denied and dismissed in its entirety.

**I.     RELEVANT BACKGROUND**

For the sake of brevity, the Court will not repeat the factual background of Petitioner's conviction for attempted burglary in the second degree, but will simply refer the parties to the relevant portions of Magistrate Judge Peebles' Report-Recommendation, which accurately recite that factual background.  (Dkt. No. 8 at Part I.)

**A.     Petitioner's Claims**

Generally, in his Petition of June 16, 2010, Petitioner asserts the following two claims: (1) a claim that his plea was involuntary as he did not understand the nature of the charge nor the consequences of the plea; and (2) a claim that, by advising Petitioner to plead guilty to the charge, trial counsel provided ineffective assistance.  (Dkt. No. 1 at 12.)

**B.     Magistrate Judge Peebles' Report-Recommendation**

On December 21, 2011, Magistrate Judge Peebles issued his Report-Recommendation. (Dkt. No. 8.)  Generally, in his Report-Recommendation, Magistrate Judge Peebles recommends dismissal of both claims for the following two reasons: (1) Petitioner's first claim lacks merit; and (2) Petitioner's second claim is procedurally barred, because Petitioner failed to raise the claim in state court.  (*Id*. at Part III.)

**II.    APPLICABLE LEGAL STANDARDS**

**A.     Standard of Review**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings,  recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R.

72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects

---

[1]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]    *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.  Standard Governing Review of Petitioner's Habeas Petition

Magistrate Judge Peebles correctly recited the legal standard governing review of Petitioner's *habeas* petition.  (Dkt. No. 8 at Part III.C.1.)  As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

### III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Peebles. Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 8 at Parts I-IV.) As a result, the Court accepts and adopts Magistrate Judge Peebles' Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1 ) in this matter is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: June 12, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

5